# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIDIER BUENO CAPOTE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | Case No. 1:26-cv-05032-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING PETITIONER'S MOTION TO DEEM PETITION UNOPPOSED AND REQUEST FOR IMMEDIATE RULING<br><br>(ECF No. 14) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying the petition for writ of habeas corpus.

## I.

## BACKGROUND[1]

Petitioner is a citizen of Cuba who entered the United States on May 21, 2023 pursuant to a grant of humanitarian parole under the Cuban, Haitian, Nicaraguan, and Venezuelan parole program. (CF No. 1 at 3.[2]) Petitioner remained in the United States beyond May 19, 2025, without authorization from the Department of Homeland Security ("DHS"). On January 25,

[1] As the pleadings in the instant matter lack certain details regarding the factual background, the Court also relies on Petitioner's earlier-filed case for this summary.
[2] Page numbers refer to ECF page numbers stamped at the top of the page.

2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") following an arrest for a DUI and three counts of resisting an officer. Capote v. Warden, California City Corr. Ctr., No. 1:26-cv-03168-JLT-EPG, 2026 WL 1415306, at *1 (E.D. Cal. May 20, 2026).

On April 27, 2026, Petitioner filed his first petition for a writ of habeas corpus, and on May 20, 2026, the Court granted the petition and ordered that Petitioner be provided "with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where 'the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond,' *Id.* at 1203." Capote, 2026 WL 1415306, at *2.

On May 26, 2026, an immigration judge ("IJ") ordered Petitioner removed. (ECF No. 15-2 at 3–6.) Petitioner has filed an appeal of the removal order with the Board of Immigration Appeals ("BIA") that is still pending. (ECF No. 1 at 4; ECF No. 15 at 4.)

On June 6, 2026, a bond hearing was held and the IJ found that DHS met its burden to show by clear and convincing evidence that Petitioner is a flight risk.. (ECF No. 1 at 44; ECF No. 15-3.) Petitioner has filed an appeal of the bond denial with the BIA that is still pending. (ECF No. 1 at 4; ECF No. 15 at 5.)

On June 30, 2026, Petitioner filed a second petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On July 9, 2026, the assigned district judge denied the motion for TRO as untimely. (ECF No. 13.) On July 10, 2026, Respondent filed a response, and Petitioner filed a traverse on July 16, 2026. (ECF No. 15, 16.)

## II.

## DISCUSSION

In the petition, Petitioner asserts that his detention has become prolonged, unreasonable, and punitive, in violation of due process. (ECF No. 1 at 6.) Petitioner states:

> This Petition does not seek a new bond hearing. It does not seek a custody redetermination. It does not seek a remand to an Immigration Judge. It does not ask this Court to review the discretionary bond decision of the Immigration Judge. This Petition seeks one, and only one, form of relief for the ongoing constitutional injury: an order from this Court granting a writ of

> habeas corpus and directing Petitioner's immediate release from the custody of Immigration and Customs Enforcement (ICE).

(ECF No. 1 at 2.)

**A. Successive Petition**

Respondents argue that the petition should be dismissed because it substantially duplicates Petitioner's earlier habeas petition and "the Court should decline to revisit issues already presented in that proceeding since nothing has changed but for passage of time, the progression of Petitioner's removal proceedings, and his order of removal. It remains the same detention, same requested relief, same due process argument, same collateral claims." (ECF No. 15 at 3.)

The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo, 645 F.3d at 1049 (citations omitted).

To the extent Petitioner asserts that a post-deprivation bond hearing cannot cure the initial due process violation, (ECF No. 16 at 5–6), this Court previously concluded that a post-deprivation bond hearing was the appropriate remedy for Petitioner's unlawful re-detention. Capote, 2026 WL 1415306, at *2. Accordingly, the undersigned recommends finding that the abuse of the writ doctrine should apply to any challenge regarding the initial due process violation.

To the extent Petitioner asserts that the bond hearing was defective, (ECF No. 16 at 4–6), the undersigned recommends finding that any claim should be dismissed without prejudice for failure to exhaust administrative remedies because the BIA appeal of the bond decision is still pending. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, Leonardo pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This

short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . Once the BIA rendered its decision, Leonardo could have properly pursued habeas relief in the district court[.]").

With respect to any prolonged detention claim, such claims are inherently dynamic and evolve as the time in detention grows longer. Accordingly, the undersigned recommends finding that any prolonged detention due process claim should not be dismissed as successive.

**B. Prolonged Detention**

In the Court's previous order granting habeas relief, the Court rejected Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). Capote, 2026 WL 1415306. Petitioner is subject to discretionary detention under § 1226(a). "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). In Rodriguez Diaz, the Ninth Circuit denied the petitioner's prolonged detention claim and held that due process did not require a second § 1226(a) bond hearing for a petitioner who had been detained for over fourteen months after his first § 1226(a) bond hearing. 53 F.4th at 1207–14. Petitioner has not established that his case is distinguishable from Rodriguez Diaz, and he has been detained for four months after his first bond hearing, far less than fourteen months in Rodriguez Diaz. Accordingly, the undersigned recommends finding that Petitioner is not entitled to relief on his prolonged detention due process claim.

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Further, Petitioner's motion to deem petition unopposed and request for immediate ruling (ECF No. 14) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 15, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE